UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br>Plaintiff <br><br>vs. <br><br>FREDERICK L. BOYD and F.B., a minor, by and through his guardian in fact, CHARITY TEAGUE, <br><br>Defendants | Case No. 1:14-cv-01110-HGD |

## REPORT AND RECOMMENDATION

The above entitled civil action is before the Court on the unopposed application of plaintiff The Prudential Insurance Company of America ("Prudential") for entry of an order: (1) granting Prudential interpleader relief and (2) discharge from any and all liability with regard to certain life insurance proceeds in the amount of $437,000.00 (the "Death Benefit"), together with applicable claim interest, if any, under group policy number G43939-AR issued to Wal-Mart Stores, Inc. (the "Group Policy"), payable as a consequence of the death of Cormella Boyd (the "Insured"), and dismissing Prudential from this action with prejudice. (Doc. 16).

**PROCEDURAL HISTORY**

Prudential filed an Interpleader Complaint in this matter on June 11, 2014. (Doc. 1, Complaint). Prudential alleged that Cormella Boyd had a life insurance policy through Prudential's group insurance plan for Wal-Mart, Cormella Boyd's former employer. Defendant F.B. is her son. Charity Teague is the maternal grandmother and guardian in fact of the child, F.B. Under the terms of the policy, Cormella Boyd had basic life insurance coverage of $37,000, optional term life insurance of $200,000, and accidental death and dismemberment insurance of $200,000. The complaint further alleges that Frederick Boyd was designated as the primary beneficiary under the policy, and F.B. was designated as the alternate beneficiary. On July 23, 2012, Cormella Boyd died from multiple gunshot wounds. Frederick Boyd has been charged with her murder and is awaiting trial in Calhoun County, Alabama.[1] Under Alabama law, "[a] named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally

---

[1] On October 2, 2014, the Circuit Court of Calhoun County, Alabama issued an Order of Commitment to the Alabama Department of Mental Health, in the matter of *State of Alabama v. Frederick L. Boyd*, Case No. CC2012-1370, 1371, finding by a preponderance of the evidence that Frederick Boyd "is incompetent and that there is a substantial probability that [he] will become competent within a reasonable time." The Calhoun County Circuit Court also found by clear and convincing evidence that Frederick Boyd "is mentally ill or has a mental defect." The Calhoun County Circuit Court has ordered that Frederick Boyd be committed to the custody of the Alabama Department of Mental Health for treatment, and that his competency be evaluated "[w]ithin ninety-one (91) days after admission and every ninety-one (91) days thereafter." *See* Doc. 12-1 at Ex. A.

kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent." *Ala. Code* § 43-8-253. Therefore, Prudential asks that the court determine the proper payee of the life insurance benefits at issue.

On or about August 20, 2014, defendant Charity Teague ("Charity") filed an answer to the complaint on behalf of F.B., a minor. (Doc. 4, Answer). Frederick L. Boyd ("Frederick") was personally served on September 18, 2014. (Doc. 10).

On October 22, 2014, Prudential filed a Motion to Appoint Guardian *Ad Litems* for Frederick L. Boyd and F.B., and for Leave of Court to Deposit Funds with the Clerk (Docs. 12 & 13). On October 22, 2014, the Court granted Prudential's Motion to Deposit, and appointed William H. Broome as guardian *ad litem* for Frederick and Charity Teague as guardian *ad litem* for F.B. (Doc. 14). On or about October 31, 2014, Prudential deposited the Death Benefit with the Clerk of the Court, in the amount of $548,556.14. (Doc. 15).

## RECOMMENDATION

The Court having considered the application, it is RECOMMENDED:

(1) that Prudential's Motion be GRANTED;

(2)  that Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, be DISCHARGED from any and all liability to Frederick L. Boyd ("Frederick"), William H. Broome ("William"), in his capacity as guardian *ad litem* for Frederick, F.B., a minor, and Charity Teague ("Charity"), in her capacity as guardian *ad litem* of F.B., (together Frederick, William, F.B., and Charity shall be referred to as "Defendants") relating to the Group Policy and/or the Death Benefit, and that Defendants be PERMANENTLY ENJOINED from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum, arising out of or in connection with Prudential relating to the Group Policy and/or the Death Benefit due thereunder;

(3) that all claims, rights, interests and actions that Defendants might otherwise have held against Prudential with respect to the Group Policy and/or the Death Benefit be RELEASED;

(4)  that any and all claims against Prudential relative to the Group Policy and/or the Death Benefit be DISMISSED WITH PREJUDICE, and that Prudential be DISMISSED from this litigation; and

(5) that this Court RETAIN jurisdiction over the Defendants, who are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the Death Benefit, or upon their failure to do so, this Court shall settle and adjust the claims and determine to whom the total funds shall be paid.

## NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 4th day of December, 2014.

                              HARWELL G. DAVIS, III
                              UNITED STATES MAGISTRATE JUDGE